**Marcus BYNUM, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

No. CIV.A.02–956 RCL.

United States District Court,
District of Columbia.

March 31, 2003.

William Charles Claiborne, III, Washington, DC, Barrett S. Litt, Paul J. Estuar, Los Angeles, CA, for plaintiffs.

Maria Claudia Amato, Leonard Harry Becker, Office of Corporation Counsel, D.C., Washington, DC, for defendant.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on defendant's motion for partial summary judgment [41–1], which was filed on December 9, 2002, and plaintiffs' Rule 56(f) motion to deny defendant's motion without prejudice [53–1] or, in the alternative, for an extension of time in which to complete discovery [53–2], which was filed on January 6, 2003. Upon consideration of the parties' motions, the opposition and reply briefs submitted thereto, and the applicable law in this case, the Court finds that defendant's motion should be denied, and that plaintiffs' motions should be denied as moot.

In a memorandum and order issued on November 18, 2002, the Court denied defendant's motion to dismiss plaintiffs' claims relating to strip searches allegedly conducted by defendant. The Court explained that the applicable legal standard governing plaintiffs' claims was the test set out by the Supreme Court in *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

On the basis of the allegations set forth in plaintiffs' second amended complaint relating to strip searches purportedly conducted by defendant, the Court concluded that it would not be impossible for plaintiffs to establish a set of facts that would mandate relief under the Fourth and Fourteenth Amendments. Put another way, the Court concluded that it might be possible for plaintiffs to demonstrate that the searches conducted were "unreasonable" under the Fourth Amendment. As evidence for its conclusion, the Court pointed to a recent case from the Northern District of Illinois, in which the court concluded that a county corrections department violated the Fourth Amendment when it strip-searched all female inmates who had received release orders before returning them to jail to await release.

Defendant's present motion states that it is entitled to partial summary judgment because of a myriad of factual differences between the present case and the Illinois case cited by the Court, *Gary v. Sheahan,* No. 96–

**2**

C–2794, 1998 U.S. Dist. LEXIS 13378 (N.D.Ill. Aug. 19, 1998). But the Court's prior opinion neither stated that it considered *Gary* to constitute controlling authority nor indicated that its denial of defendant's motion to dismiss was founded solely upon the factual similarities between *Gary* and the present case. Instead, the Court merely pointed to *Gary* as one factor supporting its inability to conclude, at the dismissal stage of the proceedings, that the plaintiffs' strip search claims should be dismissed as a matter of law. Therefore, simply because the facts of the present case might differ from the underlying facts in *Gary* does not mean that it will be impossible for plaintiffs to show that the strip searches were unreasonable, and that defendant is therefore entitled to judgment as a matter of law on these claims.

The D.C. Circuit has stated that "decision by summary judgment is disfavored when additional development of facts might illuminate the issues of law requiring decision." *Nixon v. Freeman*, 670 F.2d 346, 362 (D.C.Cir.1982). The Court concludes that it would be premature to consider a motion for summary judgment when the discovery process, which has apparently not even commenced, might yield additional facts that would guide the Court's decision as to the merits of plaintiffs' strip search claims. Once discovery has ended, the parties may elect to submit summary judgment motions, at their discretion.

One last point deserves mention. In defendant's brief in opposition to plaintiffs' Rule 56(f) motion, defendant represented that the parties were involved in an ongoing disagreement about discovery scheduling issues. If that disagreement has not been resolved, the parties may file a motion requesting an order from the Court to set a discovery schedule in this case.

The Court has determined that any motion for summary judgment in this case will be premature until the close of the discovery process. Accordingly, it is hereby

ORDERED that defendant's motion for partial summary judgment [41–1] be, and hereby is, DENIED. It is further

ORDERED that plaintiffs' Rule 56(f) motion to deny defendant's motion for partial summary judgment without prejudice [53–1] be, and hereby is, DENIED as moot. It is further

ORDERED that plaintiffs' motion, in the alternative, for an extension of time in which to complete discovery [53–2] be, and hereby is, DENIED as moot.

SO ORDERED.